Arturo Matthews
Of Counsel, Hyslip & Taylor LLC LPA
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel  (310) 556-9620
Fax (310) 388-0270

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edgar Escalante<br><br>    Plaintiff,<br><br>v.<br><br>Monterey Financial Services, Inc.<br><br>    Defendant. | Case No. **'14CV0747 CAB RBB**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a). The Court also has supplemental jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code §

1788 *et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims.

2. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

## PARTIES

3. Plaintiff resides in California.

4. Defendant's principal place of business is at 4095 Avenida De La Plata, Oceanside, CA 92056 and is incorporated in California.

## STATEMENT OF FACTS

5. Defendant, Monterey Financial Services, Inc., ("MFS"), uses an automatic telephone dialing system (ATDS).

6. Before MFS began contacting Plaintiff, Edgar Escalante, ("Edgar"), it and Edgar had no prior business relationship and Edgar had never provided express consent to MFS to be contacted on his cellular telephone.

7. MFS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of MFS's revenue is debt collection.

9. MFS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, MFS contacted Edgar to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Edgar is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, MFS willingly and knowingly used an ATDS to call Edgar without his express consent on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around July 2013, MFS contacted Edgar on his cellular phone in connection with the collection of the debt.

15. Edgar never received any written communication from MFS.

16. Edgar never received written notice required by 15 USC 1692g from MFS.

17. MFS contacted Edgar at Edgar's place of employment in connection with the collection of the debt.

18. Around October 2013, Edgar requested MFS cease further calls to Edgar, including Edgar's place of employment.

19. MFS admits that Edgar told them he had to go and disconnected the call at his workplace on 10/08/2013.

20. MFS knew or should have had reason to know by October 8, 2013 that calls to work were at a place known or which should be known to be inconvenient to

the Edgar or that Edgar's employer prohibits the consumer from receiving such communication.

21. Despite this request, MFS continued to call Edgar at Edgar's place of employment, in connection with the collection of the debt.

22. Edgar's coworkers became aware of the calls and it was embarrassing for Edgar.

23. MFS continued to call him at various numbers through January 2014.

24. On at least one occasion, MFS told Edgar that MFS would continue contacting Edgar at Edgar's place of employment because Edgar was not answering his cellular phone.

25. On more than one occasion, MFS telephoned Edgar's place of employment and spoke with a co-worker ("co-worker").

26. MFS made an improper disclosure to a co-worker of Edgar.

27. On more than one occasion, MFS threatened to file a lawsuit against Edgar if Edgar didn't pay the debt.

28. MFS didn't intend to file a lawsuit against Edgar at the time of the threat of the lawsuit.

29. Around December 2013, MFS contacted Edgar's wife, ("Wife"), on Wife's cellular phone in connection with the collection of the debt.

30. During this communication, MFS threatened to ruin Wife's credit if Edgar did not pay the debt.

31. MFS caused Edgar embarrassment, humiliation, mental anguish and emotional distress.

32. MFS attempted to collect a debt from Edgar.

33. MFS violated the FDCPA, RFDCPA and TCPA.

34. MFS has a history of persistent and frequent noncompliance with the FDCPA.

35. MFS has been sued over 30 times in the last five years for violations of federal consumer credit law.

36. MFS engages in intentional noncompliance of the Fair Debt Collection Practices Act by using the unfair and abusive collection tactic of harassing consumers at their places of employment.

37. MFS also called and harassed Lori Wittlich numerous times at her place of employment in an effort to collect a debt and spoke with her boss regarding the debt. See *Wittlich, et. al. v. Monterey Financial Services, Inc.* 13-cv-01322 (M.D. Pa.)

38. Julia Blandon specifically advised MFS that her employer does not permit her to accept calls of such nature while she is at work but MFS initiated a telephone call to Plaintiff's place of employment and left a voicemail messages for

Blandon's coworker. See *Blandon v. Monterey Financial Services, Inc.* 10-cv-03183 (D. Neb.)

39. MFS repeatedly contacted Shirley Woods-Laday at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiffs employer, including, but not limited to, Travis, an employee of Defendant, calling Plaintiff's supervisor on December 28, 2009. See *Woods-Laday v. Monterey Financial Services, Inc.* 10-cv-00831 (N.D. Cal.)

40. The nature of MFS's noncompliance with the FDCPA is severe.  Repeated calls to both home and place of employment have been viewed within the realm of a "systematic campaign of harassment". See *Moore v. Dynamic Recovery Servs. Inc.*, 2014 U.S. Dist. LEXIS 15855, *11 (N.D. Ala. 2014).

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant violated 15 U.S.C. §1692g by failing to send the required written notice.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

48. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

50. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT SIX

**Violation of the Fair Debt Collection Practices Act**

51. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

52. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SEVEN

**Violations of the Telephone Consumer Protection Act**

53. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

54. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

# COUNT EIGHT

**Violation of the Rosenthal Fair Debt Collection Practices Act**

55. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

56. Defendant violated California Civil Code § 1788.17 by violating provisions of 15 U.S.C. §1692. et. seq. as plead above.

# JURY DEMAND

57. Plaintiff demands a trial by jury.

# PRAYER FOR RELIEF

58. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to Cal Civ Code § 1788.30.

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:   /s/ Art Matthews
       One of Plaintiff's Attorneys

Arturo Matthews
Of Counsel, Hyslip & Taylor LLC LPA

1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel  (310) 556-9620
Fax (310) 388-0270

917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edgar Escalante

### DEFENDANTS
Monterey Financial Services, Inc.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Arturo Matthews, Of Counsel Hyslip & Taylor LLC LPA
917 W. 18th St., Suite 200
Chicago, IL 60608 - 312-380-6110

Attorneys *(If Known)*
'14CV0747 CAB RBB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 04/01/2014
SIGNATURE OF ATTORNEY OF RECORD: s/ Arturo Matthews

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.